# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **MIDLAND CENTRAL APPRAISAL DISTRICT,** | § § § § § § | |
| *Plaintiff,* | § | |
| **v.** | § § | **MO:25-CV-00144-DC-RCG** |
| **UNITED STATES OF AMERICA; HUNTER-KELSEY III, LLC; VICTOR J. RAMIREZ; ATTORNEY GENERAL OF TEXAS; FELIPE D. RAMIREZ; CLAUDIA RAMIREZ; and UNITED RENTALS, INC.,** | § § § § § § § § § § § § | |
| *Defendants,* | § § | |
| **v.** | § § | |
| **MIDLAND COUNTY and MIDLAND COUNTY UTILITY DISTRICT,** | § § § § | |
| *Intervenor Plaintiffs.* | § § | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is the United States of America's Motion for Appointment of Receiver. (Doc. 18).[1] This case is before the Court through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of the Parties' briefs and the case law, the Court **RECOMMENDS** the United States of America's Motion for Appointment of Receiver be **GRANTED**. (Doc. 18).

On January 22, 2025, Plaintiff Midland Central Appraisal District ("Plaintiff") filed this lawsuit in the 142nd Judicial District Court, Midland County, Texas, for the collection of

---

1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

delinquent property taxes for itself and the use and benefit of all taxing units for which it collects property taxes. (Doc. 1-2 at 4). On March 26, 2025, Defendant and Lienholder, the United States of America, removed the action to this Court. (Doc. 1). On February 3, 2026, the United States moved this Court to appoint Bill Lanier of Lanier Real Estate as Receiver to take possession and arrange for the sale of the real property owned by Victor Jesus Ramirez and Claudia Ramirez located in Midland County, Texas at 1505 W. County Road 117 (PID R185332) and 1501 W. County Road 117 (PID R205840) in Midland, Texas 79706 (together, the "Real Property"). (Doc. 18). In its Motion, the United States explains that on August 16, 2012, Mr. Ramirez was sentenced to 24 months imprisonment, 3 years of supervised release, and ordered to pay $2,368,853.00 in restitution, together with a $100.00 special assessment. *Id.* Mr. Ramirez owns the Properties, which are located in Midland County. *Id.* The Properties are subject to the liens of the Plaintiff, FNA VII, LLC and Intervening Taxing Authorities. *Id.* Mr. Ramirez is unable to pay the liens. *Id.*

The appointment of a receiver is in the sound discretion of the Court. *See Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 241 (5th Cir. 1997). Factors where a receivership are warranted include the following: (a) a valid claim by the party seeking the appointment; (b) the probability that fraudulent conduct has occurred or will occur to frustrate that claim; (c) imminent danger that property will be concealed, lost, or diminished in value; (d) inadequacy of legal remedies; (e) lack of a less drastic equitable remedy; and (f) likelihood that the receiver will do more good than harm. *Id.* at 241–42. Courts also look whether there has been waste, such as through the non-payment of ad valorem taxes or insurance. *See Comerica Bank v. Everglades Dressage, LLC*, 2021 WL 911065 at *2-3, Case No. 20-CIV-81360-RAR (S.D. Fla. Feb. 28, 2021).

In accordance with the above discussion, the Court finds good cause exists to grant the United States of America's Motion for Appointment of Receiver. (Doc. 18). Mr. Ramirez has no means to pay the delinquent ad valorem taxes, which will continue to accrue interest and penalties. *Id.* at 3. Nor does Mr. Ramirez contest that the Real Property needs to be sold, and this remedy would ultimately be the one ordered by the Court were this matter to be litigated to conclusion. *Id.* Further, the United States has conferred with counsel for the Midland County Appraisal District, FNA VII, LLC, Midland County, and the Midland County Utility District, who all consent to the appointment of a receiver. *Id.* The United States has also conferred with Victor Ramirez and Claudia Ramirez, who are *pro se* and consent to the relief sought. *Id.*

Accordingly, the Court **RECOMMENDS** the United States of America's Motion to Appoint Receiver be **GRANTED**. (Doc. 18).

The Court **FURTHER RECOMMENDS**:

1. Bill Lanier is appointed as a receiver ("Receiver") for the Real Property for the purposes of arranging the sale of the Real Property, free and clear of any rights, titles, claims, or interests of the parties herein.

2. The Receiver shall have the authority to arrange for the sale of the Real Property, subject to confirmation by this Court. The terms of any purchase agreement shall include the balance of the purchase price paid in cash at closing and may include an earnest money deposit in an amount to be approved by the United States, forfeitable upon the purchaser's failure to perform. The closing shall not occur until after the sale has been confirmed by further order of this Court. At closing, the purchaser or purchasers shall receive a deed to the Real Property executed by the Receiver.

3. The Receiver shall have all of the rights and powers necessary to fulfill his obligations under this order, specifically including but not necessarily limited to, the power to enter the Real Property, to contract with a third party to change the locks, if any, and recover such costs from the sales proceeds; to manage the Real Property; to advertise the sale of the Real Property; and to take any action reasonably necessary to protect and preserve the value of the Real Property prior to sale; and to put the Real Property into saleable condition, including making expenditures of funds that are first approved by the United States for reasonable and necessary maintenance and improvements. Such costs are to be recovered by the Receiver through the sales proceeds.

4. Within sixty (60) days of closing, the Receiver shall pay to the Plaintiffs and Intervening Taxing Authorities in Cause Nos. DCV-25-00704 (FNA VII, LLC v. Victor J. Ramirez and Claudia A. Ramirez, et al.) and DTX-25-00020 (Midland Central Appraisal District v. Victor J. Ramirez, et al.), both filed in Midland County, Texas, the amounts then due to them at the time of closing.

5. The Receiver shall be compensated from the proceeds of the sale of the Real Property (a) in an amount not greater than six (6%) percent of the gross sale proceeds (unless the sale and (b) for his reasonable and necessary expenditures to protect and preserve the value of the Real Property so long as they are first approved by the United States.

SIGNED this 27th day of February, 2026.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

5