**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **MIDLAND CENTRAL APPRAISAL DISTRICT,** | § | |
| *Plaintiff,* | § | |
| | § | **MO:25-CV-00144-DC** |
| **v.** | § | |
| | § | |
| **UNITED STATES OF AMERICA, et al.,** | § | |
| *Defendants.* | § | |
| | | **ORDER** |

Before the Court is the Report and Recommendation of United States Magistrate Judge Ronald C. Griffin (Doc. 20), which was issued on February 27, 2026, and concerns the United States of America's Partially Agreed Motion for Appointment of Receiver (Doc. 18).

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed dispositive findings and recommendations within fourteen days after being served with a copy and, in doing so, secure *de novo* review by the district court. When no objections are timely filed, a district court reviews the magistrate's report and recommendation for clear error or conclusions that are contrary to law. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Because no party has filed timely objections, the Court reviews the R&R under the clear error and contrary to law standards.

Finding no such error, the Court **ADOPTS** the R&R. This means that the Motion for Appointment of Receiver (Doc. 18) is **GRANTED**.

The Court further **ORDERS** the following:

1.      Bill Lanier is appointed as a receiver ("Receiver") for the Real Property for the purposes of arranging the sale of the Real Property, free and clear of any rights, titles, claims, or interests of the parties herein.

2.      The Receiver shall have the authority to arrange for the sale of the Real Property, subject to confirmation by this Court. The terms of any purchase agreement shall include the balance of the purchase price paid in cash at closing and may include an earnest money deposit in an amount to be approved by the United States, forfeitable upon the purchaser's failure to perform. The closing shall not occur until after the sale has been confirmed by further order of this Court. At closing, the purchaser or purchasers shall receive a deed to the Real Property executed by the Receiver.

3.      The Receiver shall have all the rights and powers necessary to fulfill his obligations under this order, specifically including but not necessarily limited to, the power to enter the Real Property, to contract with a third party to change the locks, if any, and recover such costs from the sales proceeds; to manage the Real Property; to advertise the sale of the Real Property; and to take any action reasonably necessary to protect and preserve the value of the Real Property before sale; and to put the Real Property into saleable condition, including making expenditures of funds that are first approved by the United States for reasonable and necessary maintenance and improvements. Such costs are to be recovered by the Receiver through the sales proceeds.

4.      Within sixty (60) days of closing, the Receiver shall pay to the Plaintiffs and Intervening Taxing Authorities in Cause Nos. DCV-25-00704 (*FNA VII, LLC v. Victor J. Ramirez and Claudia A. Ramirez, et al.*) and DTX-25-00020 (*Midland Central Appraisal District v.*

*Victor J. Ramirez, et al.*), both filed in Midland County, Texas, the amounts then due to them at the time of closing.

5.    The Receiver shall be compensated from the proceeds of the sale of the Real Property (a) in an amount not greater than six (6%) percent of the gross sale proceeds (unless the sale and (b) for his reasonable and necessary expenditures to protect and preserve the value of the Real Property so long as they are first approved by the United States.

It is so **ORDERED**.

SIGNED this 16th day of March, 2026.

_____
DAVID  COUNTS
UNITED STATES DISTRICT JUDGE

3